**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-456-CDP |
| | ) | |
| MARCOS PIZZA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff William Young's Motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, I find that plaintiff is unable to pay the filing fee. I will therefore grant plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(e)(2), I am required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Here, plaintiff alleges he suffered employment discrimination on the basis of his race and disability when he was given fewer working hours, denied accommodation for a medical condition, and fired on February 15, 2019. On February 28, 2019, plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights. Therein, he alleged that, from approximately January 16, 2019 through February 25, 2019, he was discriminated against on the basis of race and disability when he was given fewer working hours, denied accommodation for his disability, and fired. On March 7, 2019, the Equal Employment Opportunity Commission sent him a Dismissal and Notice of Rights, giving him ninety days in which to file a lawsuit under federal law. Plaintiff filed this action on March 15, 2019. It therefore appears that

plaintiff's lawsuit is timely, and that he has exhausted his administrative remedies. I will therefore allow this case to proceed against Marco's Pizza.

Plaintiff has also filed a motion for the appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, I conclude that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present his claims. In addition, the motion is premature, as the defendant has yet to be served with process, and discovery has not begun. I will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue upon the complaint.

Dated this 18th day of March, 2019.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE