UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM YOUNG, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 456 CDP |
| | ) | |
| HOOGLAND FOODS, LLC, a | ) | |
| franchisee of MARCO'S PIZZA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff William Young, a former employee of Defendant Hoogland Foods, LLC, brings this employment discrimination suit alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* Hoogland alleges Young signed an arbitration agreement as a condition of his employment, and now moves for the Court to either dismiss or stay the case and compel Young to submit his claims to arbitration. Because the evidence before the Court shows that there is no genuine dispute Young signed a valid arbitration agreement, I will grant Hoogland's motion to compel arbitration; further, because all of Young's claims are encompassed by the agreement, I will exercise my discretion to dismiss Young's

claims without prejudice. *See McCleod v. Gen. Mills*, 845 F.3d 1160, 1168 (8th Cir. 2017).

## **Background**

Hoogland operates approximately 150 Marco's Pizza franchises across the country, including several in the state of Missouri. Aff. of Shanna Hubert, ECF 16-1 at ¶ 2. On January 14, 2019, Young was hired as a server by a Hoogland-owned Marco's Pizza franchise in Florissant, Missouri. ECF 16-1 at ¶ 12. Young's tenure was short-lived; on February 15, 2019, Young was discharged after he was allegedly blamed for a botched pizza delivery. ECF 1 at pg. 5. In his complaint, Young alleges his termination was racially motivated; that he was scheduled to work fewer hours because of his race; that he was denied reasonable accommodation for an unspecified medical disability; and that he was discharged, in part, in retaliation for a complaint he had previously filed against a white coworker. EEOC Letter, ECF 1-1 at pg. 2.

Hoogland contends that Young's discrimination claims must be submitted to arbitration pursuant to a standard arbitration agreement he allegedly signed during his employment onboarding process. Hoogland explains its onboarding process as follows: All prospective employees are directed to log on to Hoogland's intranet

from an on-site computer using either 1) a unique User ID[1] assigned to each employee, or 2) the employee's Employee Identification Number (EIN). ECF 16-1 at ¶ 5. Upon logging in to the intranet, the employee is presented with a document titled "Employment Arbitration Agreement." *Id*. at ¶ 6. To electronically sign the agreement, the employee must scroll to the end of the two-page document, click an "I agree" box, and re-enter his or her User ID/EIN and a personal password. *Id*. at ¶ 7. Hoogland asserts "employment is contingent on the signing of the arbitration agreement," and that if an employee did not sign, "he/she would be terminated." ECF 19-1 at ¶ 10.

Hoogland offers the affidavit testimony of Shanna Hubert, Hoogland's Director of Personnel & Development, in support of its allegation that Young completed the onboarding process and electronically signed an arbitration agreement on January 14, 2019. ECF 16-1 at ¶ 12. The agreement at issue contains a "Family Video" logo but specifies Hoogland Foods, LLC, as a party on the first line.[2] The agreement indicates that it applies to "all legal disputes and claims regarding the employment relationship, or the termination of it," including

---

[1] The unique User ID is generated by a combination of the employee's first and last name and the last four digits of the employee's social security number. Supplemental Aff., ECF 19-1 at ¶ 7.
[2] ECF 22-1. Hoogland explains that it, along with Family Video and several other entities, are subsidiaries of Highland Ventures Ltd., and that all such subsidiaries share the same boilerplate arbitration agreement with the displayed "Family Video" name and logo. For this reason, Young's allegations that the agreement is invalid or fraudulent because it contains the "Family Video" identifiers does not constitute evidence of a material, triable factual issue.

claims arising under the Civil Rights Act of 1964 and the Americans with Disabilities Act. *Id*. The signature box at the end of the document contains the username "williamyoung1207," and below that is a printed name reading "William Young," followed by the EIN "278780." Hoogland alleges that both the User ID and EIN belong to Young, and that nobody other than Young was authorized to sign the agreement. ECF 19-1 at ¶ 6.

Young broadly challenges the authenticity of the agreement and his purported electronic signature. Young asserts that he "[does not] recall" logging in to the intranet using his alleged User ID, nor otherwise ever seeing or accepting the agreement. ECF 18 at pg. 1. However, as explained further below, Young's unsworn, self-serving assertions are insufficient to establish a triable issue as to the authenticity of the agreement, and so I will grant Hoogland's motion to compel.

## **Legal Standard**

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, "establishes a liberal federal policy favoring arbitration." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (quoting *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "[T]he FAA limits a district court's initial role in a challenge to an arbitration agreement to deciding whether the 'making of the agreement for arbitration or the failure to comply therewith' is at issue." *Medcam, Inc. v. MCMC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4); *see also*

claims arising under the Civil Rights Act of 1964 and the Americans with Disabilities Act. *Id*. The signature box at the end of the document contains the username "williamyoung1207," and below that is a printed name reading "William Young," followed by the EIN "278780." Hoogland alleges that both the User ID and EIN belong to Young, and that nobody other than Young was authorized to sign the agreement. ECF 19-1 at ¶ 6.

Young broadly challenges the authenticity of the agreement and his purported electronic signature. Young asserts that he "[does not] recall" logging in to the intranet using his alleged User ID, nor otherwise ever seeing or accepting the agreement. ECF 18 at pg. 1. However, as explained further below, Young's unsworn, self-serving assertions are insufficient to establish a triable issue as to the authenticity of the agreement, and so I will grant Hoogland's motion to compel.

## **Legal Standard**

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, "establishes a liberal federal policy favoring arbitration." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (quoting *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "[T]he FAA limits a district court's initial role in a challenge to an arbitration agreement to deciding whether the 'making of the agreement for arbitration or the failure to comply therewith' is at issue." *Medcam, Inc. v. MCMC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4); *see also*

*Newspaper Guild of St. Louis, Local 36047, TNG-CWA v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011). Missouri contract law applies to determine whether the parties have entered a valid agreement to arbitrate, meaning there must be 1) an offer, 2) acceptance, and 3) consideration to form a valid and enforceable arbitration agreement. *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019); *see also Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014) (citation omitted).

Where, as here, a party moves to compel arbitration and the nonmovant challenges the authenticity—the basic offer and acceptance—of the underlying agreement, the Eighth Circuit has held that the Rule 56 summary judgment evidentiary standard should be applied. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-882 (8th Cir. 2017); Fed. R. Civ. P. 56. Accordingly, as is the case when a party moves for summary judgment, the party seeking to compel arbitration bears the burden of proving the arbitration agreement is valid and enforceable. *Whitworth v. McBride & Son Homes, Inc.*, 344 S.W.3d 730, 737 (Mo. Ct. App. W.D. 2011).

Once a motion to compel arbitration is properly made and supported, the nonmoving party may not simply rest upon the allegations in his pleadings: "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the

5

record demonstrating a material factual dispute for trial." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002); *see also City of Benkelman*, 867 F.3d at 881-882. The Court must view the evidence in the light most favorable to the nonmovant and accord him the benefit of all reasonable inferences. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). However, analogous to a Rule 56 motion, "[s]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010); *see also Thomas v. Corwin*, 483 F.3d 516, 526–527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment.").

## Discussion

Hoogland has properly made its motion to compel arbitration by presenting evidence of a valid, enforceable arbitration agreement encompassing all of Young's claims. As explained previously, Hoogland has supported its motion by offering affidavit testimony that Young electronically signed the arbitration agreement pursuant to its mandatory employee onboarding procedures. The only evidence that Young did not accept the agreement consists of his own unsworn allegations that the agreement was somehow fabricated and that he did not recall signing it. These self-serving, conclusory allegations are insufficient to raise a genuine issue of material fact. *Anuforo*, 614 F.3d at 807; *see also Tinder*, 305 F.3d

at 736 (holding plaintiff's unsupported affidavit testimony that she "did not recall seeing or reviewing" an arbitration agreement did not raise a genuine issue of material fact).

Additionally, none of Young's other arguments hold merit. The fact that Young did not handwrite his signature on a paper copy of the agreement is immaterial—electronic signatures are afforded full legal recognition under both Missouri and federal law.[3] Further, to the extent Young argues the agreement is invalid because he did not read it or remember doing so, "[t]he law is clear that a signer's failure to read or understand a contract is not, standing alone, a defense to the contract." *Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 509 (Mo. 2012) (citing *Sanger v. Yellow Cab Co., Inc.*, 486 S.W.2d 477, 481 (Mo. banc 1972). Finally, I have reviewed the case Young cited in his response, *Morgan v. Raymours Furniture Co.*, 443 N.J. Super. 338, 128 A.3d 1127 (App. Div. 2016), and conclude that it is both irrelevant to Young's claims and nonbinding on this Court.

---

[3] *See* Mo. Rev. Stat. § 432.230 ("A record or signature shall not be denied legal effect or enforceability solely because it is in electronic form"); Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001(a)(2) ("A contract relating to such transaction [in or affecting interstate commerce] may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation")

7

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Arbitration [15] is **GRANTED**, and plaintiff must submit his claims to arbitration.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Renewed Motion to Appoint Counsel [20] is **DENIED** for the same reasons as set forth in the Court's previous denial.

A separate Order of Dismissal is issued this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2020.